IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.


TRUSTEES OF THE NATIONAL ASBESTOS WORKERS MEDICAL FUND,
TRUSTEES OF THE WESTERN STATES INSULATORS &
ALLIED WORKERS HEALTH PLAN,

TRUSTEES OF THE WESTERN STATES INSULATORS & ALLIED WORKERS
INDIVIDUAL ACCOUNT PLAN,

and

TRUSTEES OF THE WESTERN STATES INSULATORS &
ALLIED WORKERS PENSION PLAN,

Plaintiffs,

v.

COMANCHE'S CONSTRUCTION, INC., a Colorado corporation,

Defendant.

---

## COMPLAINT

---

Plaintiffs, by their undersigned attorneys, allege the following claims against Defendant,

Comanche's Construction, Inc.

### JURISDICTION AND VENUE

1.      This is an action by the trustees of multi-employer employee benefit funds under

the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.

§ 1001 et seq., and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C.

§ 185, to collect delinquent employer contributions owed to the National Asbestos Medical

Fund, the Western States Insulators & Allied Workers Health Plan, the Western States Insulators & Allied Workers Individual Account Plan, and the Western States Insulators & Allied Workers Pension Plan under the terms of a collective bargaining agreement.  This is an action to enforce the statutory duty of Defendant to make such contributions under Section 515 of ERISA, 29 U.S.C. § 1145.

2.     This Court has jurisdiction over the subject matter and parties to this action pursuant to 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. §§ 1331 and 1337.

3.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2), because the breach took place in Colorado, and the Defendant resides and conducts business in Colorado.

### PARTIES

4.     The National Asbestos Workers Medical Fund ("Medical Fund") is a multiemployer employee benefit plan as that term is defined in 29 U.S.C. § 1002(3) and (37). The Medical Fund is an express trust established for the purpose of providing medical benefits for employees in the insulation industry working under collective bargaining agreements.

5.     The Trustees of the Medical Fund are fiduciaries as defined in 29 U.S.C. § 1002(21)(A), who are empowered to bring this action under 29 U.S.C. § 1132(a)(3).

6.     The Western States Insulators & Allied Workers Health Plan ("Western States Health Plan") is a multiemployer employee benefit plan as that term is defined in 29 U.S.C. § 1002(3) and (37).  The Western States Health Plan is an express trust established for the purpose of providing medical benefits for employees in the insulation industry working under collective bargaining agreements.

7. The Trustees of the Western States Health Plan are fiduciaries as defined in 29 U.S.C. § 1002(21)(A), who are empowered to bring this action under 29 U.S.C. § 1132(a)(3).

8. The Western States Insulators & Allied Workers Individual Account Plan ("IAP Plan") is a multiemployer employee benefit plan as that term is defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37). The IAP Plan is an express trust established for the purpose of providing individual account plan benefits for employees in the insulation industry working under collective bargaining agreements.

9. The Trustees of the IAP Plan are fiduciaries as defined in 29 U.S.C. § 1002(21)(A), who are empowered to bring this action under 29 U.S.C. § 1132(a)(3).

10. The Western States Insulators & Allied Workers Pension Plan ("Pension Plan") is a multiemployer employee benefit plan as that term is defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37). The Pension Plan is an express trust established for the purpose of providing pension benefits for employees in the insulation industry working under collective bargaining agreements.

11. The Trustees of the Pension Plan are fiduciaries as defined in 29 U.S.C. § 1002(21)(A), who are empowered to bring this action under 29 U.S.C. § 1132(a)(3).

12. The Medical Fund, Western States Health Plan, IAP Plan, and Pension Plan (collectively, the "Benefit Funds") are each governed by and operated pursuant to written trust agreements (the "Trust Agreements"). Pursuant to the terms of the Trust Agreements and 29 U.S.C. §§ 1132(a)(3) and (d)(1), the Trustees of the Benefit Funds have the right, authority, and power to commence and prosecute this action.

13.     Defendant, Comanche's Construction, Inc. ("Comanche"), is a Colorado corporation, with its office and principal place of business at 1515 Chester Street, Aurora, Colorado 80010.

14.     At all times material herein, Comanche has been an employer within the meaning of ERISA, 29 U.S.C. § 1002(5) and § 1145, and has been engaged in an industry affecting commerce as defined by 29 U.S.C. § 1002(12).

## BACKGROUND
### Obligations of Comanche to Submit Contributions

15.     At all times material herein Comanche has been, and it continues to be, signatory to a "Master Agreement" (herein "CBA") between the International Association of Heat and Frost Insulators and Asbestos Workers, Local Union No. 28 ("Local 28").

16.     At all times material herein, pursuant to the terms of the CBA, Comanche has been bound by the terms and provisions of the Trust Agreements, the rules and regulations of the Benefit Funds, and other documents adopted or actions taken by the Trustees of the Benefit Funds pursuant to the powers granted to them by the Trust Agreements.

17.     At all times since on or before July 1, 2007, Comanche has been obligated under the provisions of the CBA and Trust Agreements to pay contributions ("Contributions") to the Benefit Funds for health insurance, pensions, and other employee benefits in specified amounts for each hour worked by employees doing work covered by the CBA ("Covered Work").

### Audit of Comanche by the Funds

18.     Under the provisions of the CBA and Trust Agreements, the Trustees of the Benefit Funds have the authority to conduct an audit of the books and records of signatory contractors such as Comanche to determine whether the contractor has complied with the fringe

benefit reporting and payment requirements of the Benefit Funds and to establish the exact amount of Contributions owed.

19.     In approximately September 2012, the auditor for the Medical Fund conducted an audit of the books and records of Comanche for the period from July 1, 2007 through June 30, 2012.  The auditor determined that Comanche had under-reported employees who did Covered Work and the hours of employees who did Covered Work under the CBA.   The auditor calculated that Comanche owed Contributions to the Medical Fund of $797.234.92, along with interest of $430,798.41 to that date and $4,873 in testing fees, for a total of $1,232,907.33 owed to the Medical Fund.

20.     In response to the audit, Comanche contended that the auditor's calculations were not accurate because the auditor had used all hours worked by Comanche's employees, rather than the hours worked by employees who did Covered Work.

21.     On or about March 26, 2013, Comanche provided to the Benefit Funds' representatives a spreadsheet, which Comanche represented as showing the employees who did Covered Work during the audit period and the number of hours worked by such employees on Covered Work.

22.     After Comanche presented the spreadsheet on March 26, 2013, the Benefit Funds agreed to accept Comanche's calculations of the number of hours of Covered Work during the audit period.

23.     The spreadsheet submitted by Comanche on March 26, 2013, showed that Comanche's employees had performed 42,736 hours of Covered Work during the audit period of July 1, 2007 to June 30, 2012.

24.     Using the number of hours of Covered Work from Comanche's spreadsheet, the Benefit Funds calculated that for the audit period from July 1, 2007 to June 30, 2012, Comanche owes Contributions of $257,099.88 to the Medical Fund, $185,298.46 to the Pension Plan, $25,274.83 to the IAP Plan, and $5,089.92 to the Western States Health Plan.  Thus, Comanche owes Contributions of $472,763.09 to the Benefit Funds for the audit period, excluding interest and liquidated damages.

25.     By correspondence dated October 3, 2013, the Benefit Funds notified Comanche that it owes $472,763.09 in Contributions to the Benefit Funds for the audit period from July 1, 2007 to June 30, 2012.

26.     Since October 3, 2013, the Benefit Funds have communicated with Comanche in an attempt to work out a satisfactory arrangement for paying the amount owed or other agreed-upon amount, but such efforts have been unsuccessful.

27.     Comanche has done additional Covered Work since the end of the audit period, June 30, 2012, and continues at present to do Covered Work.

28.     Upon the Benefit Funds' information and belief, Comanche continues to report inaccurately, i.e., to under-report, the number of hours of Covered Work and number of employees doing Covered Work since July 1, 2012.  As a result, Comanche owes additional Contributions for the period since July 1, 2012.

**CLAIM FOR RELIEF**
**ERISA, 29 U.S.C. §§ 1132 and 1145:**
**Failure to Pay Fringe Benefit Contributions**

29.     Plaintiffs restate and incorporate by this reference the preceding paragraphs of this Complaint as though fully set forth herein.

30.     Comanche's failure to pay the required Contributions constitutes a breach of the CBA and the Trust Agreements, in violation of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 515 of ERISA, 29 U.S.C. § 1145.

31.     When an employer, such as Comanche, fails or refuses to pay Contributions in a timely and accurate manner, the CBA and/or the Trust Agreements of the Benefit Funds specify the rate of interest and liquidated damages on unpaid Contributions, and provide for the recovery of all expenses of collection, including audit fees, court costs, attorney fees, and other costs and expenses incurred in the collection of Contributions.

32.     Pursuant to 29 U.S.C. § 1132(g)(2), the CBA, and the Trust Agreements, Plaintiffs are entitled to judgment against Comanche for the following damages:

(a)     The audited liability of $472,763 in delinquent Contributions owed to the Medical Fund, Western States Health Plan, IAP Plan, and Pension Plan for the period from July 1, 2007 to June 30, 2012, along with interest on the unpaid Contributions;

(b)     The delinquent Contributions owed to the Benefit Funds for Covered Work performed since July 1, 2012, in an amount to be determined at trial, along with interest;

(c)     An additional amount equal to the greater of interest or liquidated damages at the rates specified in the Trust Agreements, to be assessed on the cumulative amount of unpaid Contributions pursuant to 29 U.S.C. § 1132(g)(2)(C);

(d)     Reasonable attorney fees, audit fees, and other collection expenses incurred, including court costs;

(e)     Post-judgment interest; and

(f)     Such other legal or equitable relief as the Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendant, Comanche's Construction, Inc., providing for the following relief:

A.    Ordering Comanche to make Contributions for the period from July 1, 2007 to June 30, 2012, of $257,099.88 to the Medical Fund, $185,298.46 to the Pension Plan, $25,274.83 to the IAP Plan, and $5,089.92 to the Western States Health Plan, a total of $472,763.09 in Contributions to the Benefit Funds for the audit period, excluding interest and liquidated damages.

B.    Ordering it to make Contributions to the Benefit Funds for the period since July 1, 2012, in an amount to be determined at trial.

C.    Ordering it to pay interest on all unpaid Contributions at the rates specified in the Trust Agreements.

D.    Ordering it to pay the Benefit Funds an additional amount equal to the greater of interest on the unpaid Contributions or liquidated damages at the rates specified in the Trust Agreements, in accordance with 29 U.S.C. § 1132(g)(2)(C).

E.    Ordering it to reimburse the Benefit Funds for their reasonable attorney fees and other collection expenses incurred in this action, including audit fees and court costs, and to pay post-judgment interest at the rate provided by law.

F.    Ordering such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted this 12th day of December, 2014.

BERENBAUM WEINSHIENK PC


*/s Michael J. Belo*
Michael J. Belo
370 17th Street, Suite 4800
Denver, CO 80202-5698
Telephone: (303) 592-8313
Fax: (303) 629-7610
Email: mbelo@bw-legal.com

Attorneys for Plaintiffs


Plaintiffs' Addresses:

National Asbestos Workers Medical Fund
c/o Carday Associates, Inc.
Attention:  Simone L. Rockstroh, President
7130 Columbia Gateway Drive
Columbia, MD 21046

Western States Insulators & Allied Workers' Health Plan
Western States Insulators & Allied Workers' Individual Account Plan
Western States Insulators & Allied Workers' Pension Plan

c/o Associated Third Party Administrators
Attention:  Michael Schumacher
1640 South Loop Road
Alameda, CA 94502

Mailing address:
P.O. Box 24160
Oakland, CA 94623-2416